HERBERT A. RICE, Attorney General, *ex rel. vs.* ELLIS A. CRANSTON, CHIEF OF POLICE *et al.*

MARCH 14, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

Exceptions will not lie to the decision of the Superior Court on a petition for a writ of mandamus, but the case should be brought up for review by appeal under Gen. Laws, 1909, cap. 289, § 25.

MANDAMUS. Heard on motion to dismiss bill of exceptions and granted.

PER CURIAM. This is a petition for a writ of mandamus against the respondent Cranston, Chief of Police of the town of Warwick, and the members of the Board of Police Commissioners of said town to show cause why a writ of mandamus should not issue requiring them to enforce certain provisions of the criminal law and to prevent the further violations of Sections 18 and 19, Chapter 347, General Laws of Rhode Island in regard to Sabbath breaking.

The cause was heard before a judge of the Superior Court sitting without a jury, and the petition was denied and dismissed by rescript filed on September 27, 1917. Thereafter, on October 3, 1917, the petitioner filed his notice of intention to prosecute a bill of exceptions, and secured an order of the court for the delivery of the transcript of evidence on or before November 10, 1917, and for the bill of exceptions to be filed on or before November 20, 1917. The time in which to file the transcript was later extended to December 20, 1917, and upon this date the bill of exceptions and transcript were filed in court and were allowed by the trial justice on December 28, 1917. The respondents have moved to dismiss this bill of exceptions on the ground that this court is without jurisdiction to hear and determine said bill of exceptions because the petitioner's remedy, as provided by Section 25, Chapter 289, General Laws is by appeal and not by bill of exceptions. Section 25 provides as follows: "Any party aggrieved by a final

decree of the superior court in any cause in equity or pro-
ceeding following the course of equity may, within thirty
days after the entry thereof, and any party aggrieved by a
final judgment in any proceeding in, or in the nature of, a
prerogative writ, except *habeas . corpus*, may, within five
days after entry of such judgment, appeal to the supreme
court.   .   .   ."

The motion to dismiss must be granted.   See *Fiske* v.
*Vaughn*, 29 R. I. 465.   In the *Fiske* case the court held that
there was no provision in our laws for a bill of exceptions to
the decision of the Superior Court on a petition for a writ of
mandamus, but the case should be brought to the Supreme
Court for review by appeal.   The court at page 465, said,
referring to Section 25, *supra:* "The section in question
is a special provision governing 'any proceeding in, or in
the nature of, a prerogative writ, except *habeas corpus*,' as
well as equity causes or proceedings following the course of
equity, and it is no more permissible to prefer a bill of
exceptions in one of these classes of cases than in another.
In each of them appeal is the statutory method of bringing
such case before this court for review."

This decision is decisive of the issue in this case.   Peti-
tioner's remedy was by appeal and not by bill of exceptions.
As the statutes make no provision for a bill of exceptions in a
case of this nature it follows that this court has no juris-
diction to hear and determine this bill of exceptions.

The motion of the respondents to dismiss the petitioner's
bill of exceptions is granted.

*Frank L. Hanley*, for petitioner.
*Harold R. Curtis*, for respondent.